# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:10CV584 |
| | ) | |
| SA'BUTTAR HEALTH & MEDICAL, PC, | ) | |
| LKN COMMERCIAL PROPERTIES, LLC, | ) | |
| V-SAB MEDICAL LABS, INC. and | ) | |
| RASHID A. BUTTAR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

THIS MATTER is before the court on Plaintiff's Motion for Summary Judgment filed May 11, 2011 (Document Number 10). For reasons given below, the Plaintiff's Motion for Summary Judgment is GRANTED.

## I. BACKGROUND

On or about June 3, 2008, the Defendants executed a promissory note to secure a loan from the United States Small Business Administration. The loan proceeds were disbursed to or on behalf of the Defendants in the amount of $2,000,000.00 on or about July 16, 2008. Plaintiff United States of America filed this action on November 16, 2010, to recover on defaulted Small Business Administration loans. On January 28, 2011, the Defendants filed an answer wherein they substantially admitted the allegations contained in the Complaint. The Defendants thus admit jurisdiction as to the Court and the parties, Exhibit A references a Promissory Note, Exhibits B, C and D are certain guaranteed documents, Exhibit E is a copy of the Certificate of Indebtedness, demand has been made upon the Defendants for payment of said sum, and the

Defendants have failed to make payment. By on or about July 1, 2009, the Defendants had defaulted on their obligation to repay this loan. The amount due and owing as of July 27, 2010 is $2,120,135.27, with interest accruing from and after that date at a rate of $323.02.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is "no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Court is required to view the evidence in the light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). *See also*, *Ross v. Communications Satellite Corporation*, 759 F.2d 355, 364 (Md. 1985), citing Fed. R. Civ. P. 56(e) (*overruled on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268).

## III. ANALYSIS

By failing to deny any of the allegations in the Complaint, Defendant "has failed to... otherwise defend" this action under Rule 55(a) of the Federal Rules of Civil Procedure. The effect of failing to deny the allegations of the Complaint is that all allegations, other than the amount of damages, are deemed admitted by failure to deny. Fed. R. Civ. P. 8(b)(6). Defendants' answer does not contest the amount that they owe the Plaintiff. Thus, the amount of damages in the current case is established by the Certificate of Indebtedness filed by the Plaintiff. The certification establishes that the Defendants owe $2,120,135.27 as of July 27,

2010, plus interest accruing from this date to the date of judgment. Accordingly, there are no genuine issues of material fact. Further, the pleadings on file establish that Plaintiff is entitled to judgment as a matter of law. Summary judgment is therefore appropriate.

### III. CONCLUSION

THEREFORE, IT IS HEREBY ORDERED THAT the Plaintiff's Motion for Summary Judgment is hereby GRANTED, and a judgment will be entered in favor of the Plaintiff against the Defendants in the amount of $2,120,135.27, as of July 27, 2010, plus interest at the daily rate of $323.02 until paid.

Signed: July 13, 2011

Graham C. Mullen
United States District Judge